**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| IQBAL SINGH, | No. 17-70967 |
| Petitioner, | Agency No. A205-935-302 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Iqbal Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Singh's declaration and testimony regarding police actions during an alleged April 2012 arrest, discrepancies between Singh's testimony and the letter of support from the Shiromani Akali Dal Mann party, inconsistencies regarding whether Singh had any problems with members of an opposing political party between April 2012 and February 2013, and Singh's demeanor during his testimony. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (substantial evidence supported adverse credibility finding based on demeanor during testimony because "the record amply demonstrates a pattern of evasive responses"). Singh's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Singh's CAT claim because it was based on the same testimony found not credible, and the record does

17-70967

not otherwise compel the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

We reject as unsupported by the record Singh's contentions that the agency ignored arguments or otherwise erred in its analysis of Singh's credibility and CAT claim.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**